**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2618
_____

UNITED STATES OF AMERICA

v.

ANEUDI MANUEL MARQUEZ,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D. N.J. No. 1-15-cr-00129-001)
District Judge: Robert B. Kugler

Submitted Under Third Circuit LAR 34.1(a)
March 14, 2016

BEFORE: FUENTES, CHAGARES, and RESTREPO *Circuit Judges*

(Filed: April 5, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*:

Defendant Aneudi Marquez appeals his sentence on one count of conspiring to distribute cocaine, arguing that the District Court erred by imposing a sentence of 70 months' imprisonment. For the reasons that follow, we will affirm the judgment of the District Court.

## I. BACKGROUND

In September 2009, Defendant Aneudi Marquez agreed with two other individuals, Rafael Alvarez and Nolly Paulino, to purchase cocaine from a DEA confidential informant ("CI").[1] The operation began in 2009 when Paulino and an unidentified individual negotiated to buy 50 kilograms of cocaine for $1,200,000 from the CI and an undercover officer. Paulino and his colleague apparently told the CI and the undercover officer that they would need to check with their boss prior to purchasing the cocaine.

Soon after, Marquez, Paulino, and Alvarez traveled to Cherry Hill, New Jersey to meet with the CI. After an argument ensued as to the proposed location of the transaction, a coffee shop, Marquez said that he did not need to deal with the CI. The three men then left and began driving toward New York in two separate vehicles, a Ford Escape and a Volkswagen Jetta. Shortly thereafter, authorities pulled both vehicles over on the highway. At that time, Paulino had $600,000 in heat-sealed plastic bags under the seat of his SUV. Marquez, who was riding in the Volkswagen with Alvarez, had what

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over the challenge to the sentence under 18 U.S.C. § 3742(a).

appeared to be a drug ledger, which contained detailed accounts of various drug deals, including drug amounts purchased and debts owed.

All three men were arrested, and Marquez pled guilty to one count of conspiring to possess with intent to distribute five kilograms or more of cocaine. At his sentencing hearing, he argued for a three-level downward adjustment to his sentence. To that end, he conceded that U.S.S.G. § 2X1.1 may not apply to the court's sentencing analysis, but nevertheless urged the court to consider the uncompleted nature of the crime when determining his sentence under the factors set forth in 18 U.S.C. § 3553.[2] After considering the arguments of the parties, the District Court sentenced Marquez to a bottom-of-the-Guidelines-range sentence of 70 months' imprisonment.

On appeal, Marquez relies upon § 2X1.1(b), arguing that he was entitled to a three-level sentencing reduction because the court failed to consider as a factor the uncompleted nature of the crime. He further contends that his sentence was substantively unreasonable, even though he received a bottom-of-the-Guidelines range 70 month sentence. In response, the government argues that Marquez waived his § 2X1.1 argument by abandoning it in the District Court, and that his sentence was substantively reasonable given, among other things, the nature of his involvement in the conspiracy.

## II. DISCUSSION

---

[2] Section 2X1.1, entitled "Conspiracies, Attempt, Solicitation (Not Covered by a Specific Offense Guideline)," provides for a three-level reduction in the offense level if the co-conspirators did not "complete[] all the acts [they] believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control." U.S.S.G. § 2X1.1(b)(2).

3

Whether a defendant has waived a claim of error through abandonment can be determined by this Court in the first instance.[3] Here, the record suggests that Marquez's counsel disclaimed the applicability of § 2X1.1(b) to warrant a three-level sentencing reduction before the District Court.[4] Thus, there is reason to conclude that Marquez waived reliance on this argument on appeal.[5] However, we need not decide this issue, for even if we were to determine that this argument had not been waived, we also conclude that Marquez's reliance on § 2X1.1(b) is misplaced.

U.S.S.G. § 2X1.1(c)(1) provides that "When an attempt, solicitation, or conspiracy is expressly covered by another offense guideline section, apply that guideline section." The commentary to Section 2X1.1 also provides a list of "[o]ffense guidelines that expressly cover conspiracies," which includes § 2D1.1.[6] Moreover, the title of § 2D1.1 states categorically that the guideline covers "Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit these Offenses);

---

[3] *See*, *e.g.*, *United States v. Console*, 13 F.3d 641, 674 (3d Cir. 1993).

[4] Although Marquez reserved the right to argue for a three-level sentencing reduction under § 2X1.1 in his plea deal, Marquez's counsel agreed "more or less" with the District Court's statement during Marquez's sentencing hearing that "because there's a specific provision for a drug conspiracy 2X1.1 doesn't apply." (App. at 27-28.)

[5] *See United States v. Sussman*, 709 F.3d 155, 162 (3d Cir. 2013) (defendant waived claim on appeal where he had conceded same in his motion before the district court); *Console*, 13 F.3d at 674 (claim that was expressly abandoned at sentencing hearing could not be raised on appeal); *United States v. Lloyd*, 10 F.3d 1197, 1209 (6th Cir. 1993) (defendant could not raise on appeal a claim that his attorney conceded in district court).

[6] U.S.S.G. § 2X1.1, cmt. n.1; *see also Watterson v. United States*, 219 F.3d 232, 236 n.8 (3d Cir. 2000) ("section 2D1.1 and 2D1.2 clearly indicate that they are intended to apply both to substantive violations of the statutory provisions upon which they are premised and to conspiratorial and attempted violations thereof.").

4

Attempt or Conspiracy."[7]   Based on these provisions, we conclude that the plain text of the Guidelines dictates the application of § 2D1.1 on the facts presented, and therefore Marquez's argument is meritless.[8]   In consequence, the District Court did not err when it declined to grant a three-level sentencing reduction under § 2X1.1(b).

Finally, Marquez claims that his bottom-of-the-Guidelines-range sentence of 70 months' imprisonment was substantively unreasonable.[9]   Absent any significant procedural error, we must "give due deference to the district court's determination that the 3553(a) factors, on a whole, justify the sentence."[10]   We find Marquez's final argument unavailing.   In fact, the record is replete with evidence suggesting: (1) that Marquez and his co-conspirators had $600,000 in heat-sealed packs ready to purchase the cocaine; (2) that Marquez communicated with the CI with an intent to complete the drug deal; (3) and that the only reason that Marquez did not complete the deal was because he "believed the 'seller' was in fact associated with law enforcement."[11]   Moreover, we find it telling that Marquez was later arrested while a fugitive after an indictment had issued charging him with one count of conspiracy to distribute cocaine and a magistrate judge had issued a warrant for his arrest on that same charge.   In short, Marquez's Guidelines

---

[7] U.S.S.G. § 2D1.1.

[8] *See United States v. Onheiber*, 173 F.3d 1254, 1256 (10th Cir. 1999) (§ 2X1.1 does not apply to drug attempts or conspiracies governed by U.S.S.G. § 2D1.1).

[9] We review a district court's "broad discretion in imposing a sentence" for "unreasonableness," under an abuse of discretion standard of review.   *United States v. Tomko*, 562 F.3d 558, 564 (3d Cir. 2009) (citation and quotation marks omitted).

[10] *Id*. at 568 (citation and quotation marks omitted).

[11] Def. Br. at 16.

sentence was completely reasonable given his involvement in the conspiracy and the strong evidence that he intended, from the outset, to complete the deal. In consequence, we conclude that the District Court did not abuse its discretion in imposing a bottom-of-the-Guidelines-range sentence of 70 months' imprisonment.

## III. CONCLUSION

For the reasons set forth above and otherwise persuasively stated by the District Court, we will affirm the judgment of the District Court.